UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY KNIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>BOB EDWARDS,<br><br>        Defendant. | Case No. 1:20-cv-01325-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO AMEND AND ENFORCE THE SETTLEMENT AGREEMENT BE DENIED<br><br>(ECF No. 37)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Bobby Knight ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 21, 2021, Defendant filed a notice of settlement and the parties filed a joint stipulation for dismissal. (ECF Nos. 34 & 35). On April 23, 2021, the case was closed. (ECF No. 36).

      On December 13, 2021, Plaintiff filed a motion for leave to file an amended complaint and to hold Defendant in default of the settlement agreement. (ECF No. 37). Despite its title, Plaintiff appears to be asking the Court to amend and enforce the settlement agreement. According to Plaintiff, Defendant failed to make the $2,500 payment within 180 days from the date Plaintiff delivered the signed settlement agreement and related forms to Defendant, which was a violation of the settlement agreement. Plaintiff asks that Defendant be ordered to pay the $2,500, but that the agreement be amended so that only 55% of the amount is withheld from the settlement, instead of the default amount required by California Penal Code §

1

2085.8.[1]

On December 30, 2021, Defendant filed an opposition. (ECF No. 39). Defendant "asks the Court to deny Plaintiff's motion because: (1) the Court lacks jurisdiction to enforce or modify the terms of the parties' settlement agreement; (2) Plaintiff failed to establish that any portion of the parties' settlement agreement is invalid or illegal; and (3) CDCR ["California Department of Corrections and Rehabilitation"] complied with the terms of the parties' settlement agreement and issued Plaintiff the agreed-upon settlement payment." (Id. at 2).

As to his argument that the CDCR complied with the terms of the parties' settlement agreement, Defendant notes that the settlement agreement states that "CDCR will make a good-faith effort to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivers to Defendant[] a signed settlement agreement, a notice of voluntary dismissal with prejudice, and all of the required Payee Data Forms." (Id. at 3). Defendant argues that "[u]pon receipt of Plaintiff's signed settlement documents, CDCR made a good faith effort to pay Plaintiff the agreed-upon settlement amount within the 180-day timeframe. Plaintiff's settlement payment was issued by the California State Controller's Office (SCO) on November 15, 2021 – 208 days following the filing of the parties' stipulation for voluntary dismissal with prejudice on April 21, 2021. The settlement payment issued by the SCO was posted to Plaintiff's inmate trust account on December 2, 2021." (Id. at 5) (citation omitted).

In support of this argument Defendant submits the declaration of S. Saunders, an

---

[1] California Penal Code section 2085.8(a) states that restitution shall be paid directly out of any settlement:

> Compensatory or punitive **damages awarded by** trial or **settlement to any inmate,** parolee, person placed on postrelease community supervision pursuant to Section 3451, or defendant on mandatory supervision imposed pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, **shall be paid directly**, after payment of reasonable attorney's fees and litigation costs approved by the court, **to satisfy any outstanding restitution orders or restitution fines against that person.** The balance of the award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines, subject to subdivision (c).

Cal. Penal Code § 2085.8(a) (emphasis added).

Accounting Administrator with the CDCR; the declaration of K. Van Dyke, a Settlement Coordinator at the office of Legal Affairs of the CDCR; and an inmate statement report showing that the settlement payment was made to Plaintiff's account and then removed to pay restitution and an administrative fee.

The Court will recommend that Plaintiff's motion be denied. The dismissal order did not retain jurisdiction over this matter. (See ECF No. 36). Moreover, it appears that the settlement payment was made on November 15, 2021, and received on December 2, 2021. Plaintiff has not submitted any evidence or argument that this delay harmed him in any way. Finally, Plaintiff has not cited to any authority, and the Court is aware of none, that would allow the Court to amend the parties' settlement agreement in this situation or allow the Court to order Defendant to ignore the requirements of California Penal Code § 2085.8 when making the settlement payment.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to amend and enforce the settlement agreement (ECF No. 37) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 3, 2022**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE