UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY KNIGHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOB EDWARDS,<br><br>　　　　Defendant. | No. 1:20-cv-01325-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING MOTION TO AMEND AND ENFORCE THE SETTLEMENT AGREEMENT<br><br>(Docs. 37, 40) |

　　　　Bobby Knight is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 21, 2021, defendant filed a notice of settlement, and the parties filed a joint stipulation for dismissal.  (Docs. 34 & 35.)  On April 23, 2021, the case was closed.  (Doc. 36.)  On December 13, 2021, plaintiff filed a motion for leave to file an amended complaint and to hold defendant in default of the settlement agreement.  (Doc. 37.)  Despite its title, plaintiff appears to be asking the court to amend and enforce the settlement agreement.

　　　　On January 4, 2022, the assigned magistrate judge entered findings and recommendations, recommending "that Plaintiff's motion to amend and enforce the settlement agreement (ECF No. 37) be denied."  (Doc. 40 at 3.)  Plaintiff was provided an opportunity to file objections to the findings and recommendations and he did so on January 21, 2022.  (Doc. 43.)  On February 1,

1

2022, defendant filed his response to plaintiff's objections. (Doc. 44.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis. First, Plaintiff's objections do not call into question the magistrate judge's finding that the court lacks jurisdiction to enforce the settlement because the court did not retain jurisdiction to do so. Assuming for the sake of argument that the court had retained jurisdiction, Plaintiff argues in his objections that Defendant violated its own rules by placing the settlement funds into his trust account and then deducting the funds to satisfy outstanding restitution obligations. That objection is not properly before the court because it was not raised in Plaintiff's original motion. In addition, Plaintiff does not contest that the restitution was due. Accordingly,

1. The findings and recommendations issued on January 4, 2022, (Doc. 40), are adopted in full; and
2. Plaintiff's motion to amend and enforce the settlement agreement, (Doc. 37) is denied.

IT IS SO ORDERED.

Dated:     **February 8, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2